**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005

          Plaintiff,

v.

DUNHAM-BUSH, INC.
as Plan Administrator for the
Dunham-Bush Pension Plan
179 South Street
Hartford, CT 06110

          Defendant.

Civil Action No. 3:16-cv-00507
Dated: March 30, 2016

## COMPLAINT FOR PENSION PLAN TERMINATION

This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2012 & Supp. 11 2014) ("**ERISA**"). Plaintiff, Pension Benefit Guaranty Corporation ("**PBGC**"), brings this action pursuant to 29 U.S.C. §§ 1342 and 1348(a), seeking an order (a) terminating the Dunham-Bush Pension Plan ("**Pension Plan**"); (b) appointing PBGC as statutory trustee of the Pension Plan; (c) establishing February 29, 2012, as the termination date of the Pension Plan; and (d) directing the defendant and any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1).

### JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this action pursuant to 29 U.S.C. §§ 1303(e)(3) and 1342(e) and (f).

2. Venue lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## PARTIES

3. Plaintiff PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created under Title IV of ERISA. When an underfunded pension plan terminates, PBGC ensures the timely and uninterrupted payment of statutorily guaranteed pension benefits to plan participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

4. Defendant Dunham-Bush, Inc. ("**Dunham-Bush**") is the administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1002(16)(A) and 1301(a)(1). Dunham-Bush is incorporated under the laws of Delaware. On information and belief, Dunham-Bush's former principal place of business was located at 179 South Street, Hartford, Connecticut 06110. Dunham-Bush no longer has any operations at that location.

5. Upon information and belief, Dunham-Bush operated as a manufacturer of air conditioning, heating, and refrigeration equipment. Dunham-Bush was formed by the merger, in about 1957, of three separate entities: (1) the C. A. Dunham Company, founded in 1894, in Marshalltown, Indiana; (2) the Bush Manufacturing Company, founded in 1905; and (3) the Brunner Manufacturing Company, founded in 1906 in Hartford, Connecticut. Dunham-Bush was acquired by The Signal Companies ("**Signal**") in 1959, and sold by Signal to The Robins Group ("**Robins**"), a privately held investment company, in 1986. Robins was Dunham-Bush's final American owner. In December 1995, Dunham-Bush was acquired by Top Group, Inc. ("**TG**"), a division of Malaysia-based Bejaya Group Holdings Berhad which had no other U.S. subsidiaries. TG subsequently created Dunham Bush International ("**DBI**") in the Cayman Islands, and transferred all of its ownership to DBI. In 2007, DBI and its subsidiaries were sold to Agromash, a Russian-based unit of Machinery & Industrial Group, N.V. ("**MIG**") also based

in Russia. Agromash, which has no other U.S. subsidiaries, closed Dunham-Bush's U.S. operations on February 29, 2012, and, in September 2012 sold Dunham-Bush to Yantai Moon Company ("**Yantai**"), based in Yantai, China.

## THE PENSION PLAN

6. The Pension Plan is a single-employer defined benefit pension plan and is covered under Title IV of ERISA. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a).

7. Dunham-Bush is the contributing sponsor of the Pension Plan within the meaning of 29 U.S.C. § 1301(a)(13) and the plan administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1003(16) and 1301(a)(1).

8. The Pension Plan provides pension benefits to the former employees of Dunham-Bush and their beneficiaries. On information and belief, the Pension Plan has approximately 225 participants. PBGC estimates the Pension Plan is underfunded by approximately $4.3 million on a termination basis as of February 29, 2012.

## CAUSE OF ACTION

9. On February 29, 2012, Dunham-Bush ceased operations in the United States, abandoning its underfunded pension plan.

10. Despite numerous attempts to contact Dunham-Bush's foreign owners, PBGC has been unsuccessful in finding anyone that will assume sponsorship or assist PBGC with the termination of the Pension Plan.

11. Because Dunham-Bush ceased operations and is incapable of contributing to or administering the Pension Plan, PBGC has determined that the Pension Plan must be terminated so that its participants can receive the protection afforded under Title IV of ERISA.

12. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a

plan whenever PBGC determines, *inter alia*: (a) pursuant to 29 U.S.C. § 1342(a)(1), that the plan has not met the minimum funding standard required under section 412 of the Internal Revenue; or (b) pursuant to 29 U.S.C. § 1342(a)(2), that the plan will be unable to pay benefits when due.

13.    PBGC has determined, pursuant to 29 U.S.C. §§ 1342(a)(1), and (2), that: (a) the Pension Plan has not met the minimum funding standard required under section 412 of the Internal Revenue; and (b) that the Pension Plan will be unable to pay benefits when due.  PBGC also has determined that the Pension Plan's termination date should be February 29, 2012.

14.    On August 12, 2015, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination ("**Notice**") to the following recipients:

   A.    Dunham-Bush, Inc., 179 South Street, Hartford, Connecticut, 06110.

   B.    Dunham-Bush, Inc., 811 East Main Street, Marshalltown, Indiana, 50158.

   C.    Dunham-Bush, Inc., 103 Carpenter Drive #C1, Sterling, Virginia, 20164.

   D.    Dunham-Bush, Inc., LOT#5755-6, Kidami Industrial Park, Bukit Angkat, 43000 Kajang, Malaysia.

15.    The Notice states that PBGC has determined that the Pension Plan has not met the minimum funding standard required under section 412 of the Internal Revenue and that the Pension Plan will be unable to pay benefits when due.  The Notice also states that the Pension Plan's termination date should be established as February 29, 2012.  A copy of the Notice is attached hereto as Exhibit 1.

16.    All three of the Notice copies that were sent to domestic recipients were returned to PBGC by the U.S. Postal Service as undeliverable.

17.    Pursuant to 29 U.S.C. § 1342(c), a district court may order the termination of a pension plan if necessary to protect the interests of participants, to avoid any unreasonable

deterioration of the financial condition of the plan, or to avoid any unreasonable increase in liability to the PBGC insurance fund.

18.     PBGC has determined that termination of the Pension Plan is necessary to protect the interests of participants and to avoid any unreasonable increase in liability to the PBGC insurance fund.

19.     Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the termination date of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a termination date.

20.     As of the filing of this Complaint, PBGC and the Pension Plan administrator have not agreed on a termination date.

21.     February 29, 2012, should be established as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4), because as of that date, the Pension Plan's participants received constructive notice of the Pension Plan's termination, and no longer had reasonable expectations of the Pension Plan's continuation.

22.     Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(c) provides that PBGC may request that it be appointed as trustee of a plan in any case.

23.     The PBGC is ready, willing, and able to serve as statutory trustee of the Pension Plan.  PBGC is already serving as statutory trustee of more than 4,500 terminated pension plans.

## **RELIEF REQUESTED**

WHEREFORE, PBGC respectfully requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1.      Adjudicating the Pension Plan terminated pursuant to 29 U.S.C. § 1342(c);

      2.      Appointing PBGC statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);

      3.      Establishing February 29, 2012, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

      4.      Directing Dunham-Bush and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey and deliver all such records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1); and

      5.      Granting such other relief as this Court deems just and proper.

Dated: Washington, D.C.
       March 30, 2016

Respectfully submitted,

/s/ Frank A. Anderson
ISRAEL GOLDOWITZ
Chief Counsel
JAMES J. ARMBRUSTER
Acting Deputy Chief Counsel
KARTAR S. KHALSA
Assistant Chief Counsel
FRANK A. ANDERSON
Attorney
PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020, ext. 3759
Fax: (202) 326-4112
E-mail: anderson.frank@pbgc.gov *and*
    efile@pbgc.gov

*Counsel for the Pension Benefit Guaranty Corporation*

<u>LOCAL COUNSEL</u>
Lauren M. Nash
Assistant U.S. Attorney
United States Attorney's Office
Connecticut Financial Center
157 Church Street
New Haven, CT  06510
Phone: (203) 821-3700
Fax: (203) 773-5373
E-mail: lauren.nash@usdoj.gov